IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MILTON BROWN,
aka SULTAN IMMANUEL-EL-BEY

    Plaintiff,

v.                                                                                             Civil Action No. **3:18CV351**

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Milton Brown, a Virginia inmate proceeding *pro se* and requesting to proceed *in forma pauperis*, filed this civil action. For the reasons that follow, the Court will grant Brown's request to proceed *in forma pauperis*, file the action, and dismiss it pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and malicious.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). With respect to the second standard, this Court has observed that:

> A litigant may be deemed to act maliciously if his actions [i]mport a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights. Therefore, the court must assess the character of the allegations insofar as they

indicate a motive on the part of the plaintiff to merely harass or vex the
defendants rather than to seek redress for a legitimate legal claim.

*Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (alteration in original) (quotation marks and citations omitted). Further, "[t]he courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation." *Id.* (citing *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975)). This is true, in part, because incarcerated litigants "possess both time and dissatisfactions in abundance." *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). Further, in assessing whether an action is frivolous or malicious, the Court is informed by a plaintiff's past litigious conduct and the tone of his or her current allegations. *Id.*

## II. SUMMARY OF ALLEGATIONS AND BROWN'S OTHER LITIGATION

Brown claims that "MILTON BROWN is my private property and trust pursuant to Title 28 U.S.C. Section 3002 which I own." (ECF No. 1, at 1.) The limited factual allegations in Brown's complaint assert that Sergeant Copeland conspired with others to "kidnap[]" Brown and hold him for "ransom." (*Id.*)[1] Brown contends that he is now being held for ransom at the Hampton Roads Regional Jail. (*Id.*) Brown asserts that such actions violate, *inter alia*, a host of federal criminal statutes (including provisions that criminalize threatening the President, 18 U.S.C. § 871, and prohibit violence against maritime fixed platforms, 18 U.S.C. § 2871), "the Treaty of Peace & Friendship 1787," and "the Clock of Destiny/Zodiac Constitution." (*Id.*) Elsewhere in his Complaint, Brown makes a variety of references which indicate that he subscribes to the Moorish American ideology. (*Id.*) Brown demands billions of dollars in damages. (*Id.*)

---

[1] The Court corrects the capitalization in the quotations from Brown's submissions.

2

Other records before the Court reflect that Brown has not been kidnapped and held for ransom. Rather, Brown is currently serving a sentence of three years and six months imposed by the Circuit Court for the City of Newport News. Petition for a Writ of Habeas Corpus at 2, *Brown v. Virginia*, 3:18CV136 (E.D. Va. filed Feb. 28, 2018). In his Petition for a Writ of Habeas Corpus, Brown once again characterizes his detention as a form of "kidnapping." *Id.* Brown also contends that his detention is illegal based on his status as a Moorish American. *Id.* at 6. Further, since February 28, 2018, Brown has filed nearly thirty actions with the Court. In those cases, Brown advances demands for relief based on his status as a Moorish American.

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Brown's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). "[I]t is well-recognized that ... the Moorish American Nation ... [is a] notorious organization[] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." *Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *3 (E.D. Va. Mar. 3, 2015) (alteration in original) (quoting *Abdullah, v. New Jersey*, No. 12–4202 (RBK), 2012 WL 2916738, at *5 (D.N.J. July 16, 2012)). Neither the Zodiac Constitution, the Treaty of Peace and Friendship, nor any of Brown's other silly theories provide a viable basis for relief. *See id.* at *6. "Notwithstanding [Brown's] personal subscription to the Zodiac Constitution ... and his belief that the Treaty of Peace and Friendship between Morocco and the United States ... deprive the

state courts of jurisdiction over him, courts have soundly rejected these claims." *Id.*; *see El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) ("[A] litigant's reliance on any Barbary Treaty, including on the Treaty with Morocco, for the purposes of a civil suit raising claims based on the events that occurred within what is the United States' geographical territory is facially frivolous."); *Jones-El v. South Carolina*, No. 5:13–cv–01851–JMC, 2014 WL 958302, at *8 (D.S.C. Mar. 11, 2014) (rejecting habeas claims under the Zodiac Constitution and Treaty of Peace and Friendship as "completely frivolous, whether raised under § 2254, § 2241, or by way of civil complaint"). Accordingly, the Court finds the action is subject to dismissal as frivolous.

Additionally, the Court finds the action is subject to dismissal as malicious. Brown demands billions of dollars of damages against Sergeant Copeland, who apparently arrested Brown. Brown provides no coherent explanation for this outlandish demand. Under similar circumstances, courts have observed:

> when there is no recital of credible probative facts that support the allegations that the plaintiff is attempting to make, the Plaintiff sues those involved in securing his incarceration, and the tone of all the Plaintiff's allegations indicates that he is bringing his suit merely to satisfy his desire for vengeance against the Defendants and not to rectify any wrong done to him, then the suit is a MALICIOUS one.

*Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997) (quoting *Spencer v Rhodes*, 656 F. Supp. 458, 463–64 (E.D.N.C. Mar. 19, 1987)). Brown has filed dozens of suits of this ilk in recent months. The sum of all of this compels the conclusion that Brown filed the present action "to merely harass or vex the defendants rather than to seek redress for a legitimate legal claim." *Id.* (internal quotation marks and citation omitted).

## IV. CONCLUSION

Brown's request to proceed *in forma pauperis* will be GRANTED. The action will be FILED. The action will be DISMISSED AS FRIVOLOUS and MALICIOUS.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/18/18
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge